COMMONWEALTH *vs.* ROBERT BARRY.

No. 99-P-1418.

Middlesex. December 12, 2000. - February 15, 2001.

Present: ARMSTRONG, C.J., KAPLAN, & GREENBERG, JJ.

*Practice, Criminal,* Plea, Postconviction relief. *Constitutional Law,* Plea. *Due Process of Law,* Plea.

Where the record of a plea colloquy in the District Court did not demonstrate that the defendant admitted or acknowledged any of the facts underlying the charges, the defendant's motion to withdraw his guilty pleas on the ground that the pleas were not intelligently offered should have been allowed. [10-11]

COMPLAINTS received and sworn to in the Waltham Division of the District Court Department on August 5, 1994, and October 26, 1994, respectively.

On transfer to the jury session of the Cambridge Division, a guilty plea was accepted by *Dyanne J. Klein,* J., and a motion to withdraw the guilty plea, filed on December 30, 1997, was considered by her.

*Joseph F. Gannon* for the defendant.

*Marian T. Ryan,* Assistant District Attorney, for the Commonwealth.

KAPLAN, J. This is an appeal by the defendant, Robert Barry, from an order in District Court denying his motion pursuant to Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), to withdraw his guilty plea. We vacate the order and allow the motion. There was a fatal error in the conduct of the colloquy between judge and defendant leading to the plea.

On August 5, 1994, and October 26, 1994, respectively, the defendant was complained of in Waltham District Court, No. 9451 CR 2091, for larceny over $250, and in No. 9451 CR 3053, for writing a forged instrument, forgery, larceny over $250, and larceny under $250.

On the date set for trial, January 30, 1995, the defendant appeared in Cambridge District Court with his appointed counsel present. The presiding judge, addressing herself to the defendant, went through several questions conventionally put to persons intending to plead, and the defendant made responses as expected. When the judge said the Commonwealth had facts it would present if the case went to trial, and she wanted the defendant to listen to those facts, the prosecutor interposed and said, "Counsel will stipulate to the base of the complaints." The judge to the defendant: "Do you understand what the complaints are, sir?" She then recited the charges, "One complaint is larceny of property over $250; do you understand that?" and so for the other complaint with the four additional charges. To each complaint, the defendant said, "Yes." The judge said, "All right, you're willing to stipulate to the facts?" Defendant: "Yes, I am." Judge: "And you understand, sir, by doing so, and by entering a plea of guilty, you are admitting that the facts so stated are true." Defendant: "Yes." After a further conventional question, the judge accepted the plea, which was followed by discussion and imposition of sentence.[1]

The judge began on the right line when she said she wanted the defendant to hear a statement of the facts the Commonwealth would present at trial if the defendant did not plead — i.e., the defendant's acts comprising each of the offenses charged. Upon the Commonwealth's interposition, the defendant heard only a recitation of the names or titles of those crimes, and was taken to have "stipulated" to unstated facts supposed to "base" the complaints.

Our decision in *Commonwealth* v. *Correa*, 43 Mass. App. Ct. 714 (1997), controls. In that case the judge asked counsel "if they would waive the reading of the facts into the record, to which they assented, agreeing to 'plead to the faces of the complaints as they exist and appear before the court.' " *Id.* at 715. The procedure used in the present case differs only in inconsequential detail from that in *Correa*, and the vice in both was that the judge "failed to ascertain that [the defendant] had knowledge of the elements of the charges against him . . . . Nothing more need be shown to establish the inadequacy of the colloquy for constitutional purposes." *Id.* at 719, citing *Hender-*

---

[1] Judgment of conviction was dated February 16, 1995. The defendant's motion to withdraw the guilty plea was filed on December 30, 1997, and denied by the same judge, without a hearing, on January 27, 1999.

*son* v. *Morgan*, 426 U.S. 637, 645-646 (1976), and other authority.[2]

The Commonwealth notes that in *Correa* it was the judge, not the prosecutor, who initiated the faulty procedure, but this can hardly serve as a ground for "distinguishing" *Correa*. The Commonwealth seems to suggest that, as defense counsel was present during the colloquy, it should be assumed he had fully apprised the defendant. Such an assumption is unwarranted. Cf. *Correa* at 717 n.5.

The order denying the defendant's motion to withdraw the guilty plea is vacated, and an order shall enter allowing the motion. The judgments are reversed and the findings are set aside.

*So ordered.*

---

[2]We said in *Correa*, *supra*, "There must be an explanation by the judge or defense counsel of the elements of the crimes charged or an admission by the defendant to the facts constituting those crimes. . . . This requirement can be satisfied in one of several ways: (1) by the judge explaining to the defendant the elements of the crime; (2) by counsel's representation that she has explained to the defendant the elements he admits by his plea; or, (3) by the defendant's stated admission to facts recited during the colloquy which constitute the unexplained elements." 43 Mass. App. Ct. at 717. (Citations omitted.) See *Commonwealth* v. *Carter*, 396 Mass. 234, 236 (1985); *Commonwealth* v. *Robbins*, 431 Mass. 442, 450-452 (2000).

In contrast to *Correa*, it has been held that a judge's omission to advise under G. L. c. 278, § 29D, about the possible effect of pleading guilty upon the person's immigration status is not, without more, a ground for withdrawing the plea. See par. 2 of § 29D; *Commonwealth* v. *Lopez*, 426 Mass. 657, 659 n.2 (1998), quoting from *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 315 n.1 (1986) ("judgment will only be vacated, pursuant to . . . § 29D, '[i]f the Court fails to . . . advise the defendant [regarding immigration consequences] *and* he later at any time shows that his plea and conviction may have one of the enumerated consequences . . .' " [emphasis supplied]); *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 49-50 (2000) (same).