COMMONWEALTH *vs.* VINTON ASHMON. May 9, 2001. *Alien. Practice, Criminal,* Plea, Record.

The issue presented is whether the contemporaneous record of the alien advisement given during a plea colloquy, as required by G. L. c. 278, § 29D, can be adequately reconstructed solely from the trial judge's statement of his customary practice. We hold that it can.

The defendant appealed from the denial of his motion to vacate his plea of guilty to murder in the second degree, in which his sole claim was the judge's failure to give the alien advisement. We granted his application for direct appellate review.

A transcript of the plea colloquy could not be obtained, and neither the judge, the defendant's trial counsel, nor the prosecutor had any specific recollection of the plea colloquy. The motion judge, who was also the trial judge, filed a memorandum indicating that, since 1980, his practice when conducting a plea colloquy has been to advise a defendant that, if "you are not a United States citizen, you should know that pleading guilty may cause you to be

deported, to be denied naturalization, or to be denied entry into the United States, all in accordance with the laws of the United States."

"[A] judge's reliance on his 'customary practice in taking guilty pleas,' [is a] legitimate means of reconstructing a record of the plea hearing." *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 54 (2000), quoting *Commonwealth* v. *Quinones*, 414 Mass. 423, 432-433 & n.7 (1993). The record was thus reconstructed, and it adequately established that the defendant received the alien advisement conformably with § 29D. There was no error.

The denial of the defendant's motion to vacate his guilty plea is affirmed.

*So ordered.*

*Nancy A. Dolberg* for the defendant.

*Loretta M. Lillios*, Assistant District Attorney, for the Commonwealth.