COMMONWEALTH vs. ZAKIA LAMRINI.

No. 89-P-114.

Middlesex.    May 8, 1989. — August 9, 1989.

Present: GREANEY, C.J., KAPLAN, & SMITH, JJ.

*Practice, Criminal,* Plea. Alien.

A criminal defendant whose conviction of first degree murder was reversed
and remanded for a new trial was not entitled to withdraw her guilty
plea to so much of the indictment for first degree murder as charged
manslaughter, on the ground that the judge at the plea hearing failed to
inform her in accordance with Mass.R.Crim.P. 12 (c) (3) (A), that she
was waiving her right of confrontation and her right against self-incrimi-
nation, where the defendant had had a full trial on the matter and, having
there confronted witnesses and testified in her own behalf, was aware
she was waiving those rights by a plea of guilty, and where at the plea
hearing she unequivocally admitted to the facts stated by the prosecutor,
stating that she was pleading guilty because she was guilty. [663-666]
At a plea hearing in a criminal case, the judge's statement to the defendant
coupled with the comments of counsel in her presence sufficiently advised
the defendant of the possible consequence of deportation because of her
guilty plea. [666-667]

INDICTMENT found and returned in the Superior Court De-
partment on May 6, 1981.

After review by the Supreme Judicial Court, 392 Mass. 427
(1984), a plea of guilty was received by *Harry J. Elam,* J. A
motion by the defendant for leave to withdraw her plea was
heard by *Paul A. Chernoff,* J.

*Michael L. Altman* for the defendant.

*LaDonna J. Hatton,* Assistant District Attorney, for the
Commonwealth.

SMITH, J.    In March, 1982, the defendant was convicted by
a jury of murder in the first degree. The Supreme Judicial
Court reversed the defendant's conviction on July 9, 1984, and

remanded the matter to the Superior Court for a new trial. See *Commonwealth* v. *Lamrini*, 392 Mass. 427 (1984). On December 14, 1984, the defendant, represented by counsel, pleaded guilty to so much of the first degree indictment as charged manslaughter. A Superior Court judge, after taking the guilty plea, sentenced the defendant to a jointly recommended term of twelve to twenty years to be served at Massachusetts Correctional Institution, Framingham.

On November 10, 1988, the defendant filed a motion to withdraw her guilty plea. She claimed that the plea judge violated Mass.R.Crim.P. 12(c)(3)(A), 378 Mass. 868 (1979), by failing to advise her that by pleading guilty she was waiving her constitutional right to confront witnesses and her right against self-incrimination. She also alleged that the plea judge failed to advise her, pursuant to G. L. c. 278, § 29D, of the immigration consequences of her guilty plea. In regard to the latter allegation, the motion stated that the defendant, who is a citizen of Morocco, would be released on parole on November 21, 1988, and the United States Immigration Service was seeking to deport her in light of her guilty plea to manslaughter.

The defendant's motion was heard by another Superior Court judge, the plea judge having retired. At the hearing, the motion judge had before him, among other things, the transcript of the guilty plea hearing and the order to show cause why the defendant should not be deported to Morocco. The motion judge was also made aware, through stipulations of counsel that, at the defendant's March, 1982, trial, her counsel had cross-examined the witnesses that had testified against the defendant and that the defendant had testified in her own behalf. After consideration, the motion judge filed a memorandum of decision in which he denied the motion to withdraw the guilty plea. The defendant has appealed.

1. *The alleged violations of rule 12*. Rule 12(c)(3)(A) gives plea judges the responsibility to ensure that a defendant is informed "on the record, in open court: (A) that by his plea . . . he waives his right to trial with or without a jury, his right to confrontation of witnesses, and his privilege against self-incrimination." Here, the record shows that the plea judge

did advise the defendant that by her plea she was waiving her right to a trial, but failed to inform her that she was also waiving her right of confrontation and her right against self-incrimination.

This case is remarkably similar to *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. 491 (1985). In *Nolan*, the defendant offered to plead guilty. The judge during the colloquy with the defendant, as here, informed him that he was waiving his right to a trial but failed to advise him that he was also waiving his right to confront witnesses and his right against self-incrimination. The court held that, in the circumstances, those omissions were not fatal as the guilty plea otherwise met the requirements of being intelligently and voluntarily made. Also see *Commonwealth* v. *Dozier*, 24 Mass. App. Ct. 961, 961-962 (1987) (omission of warning that by pleading guilty the defendant waives his right against self-incrimination not fatal where record shows the plea was otherwise intelligent and voluntary). Here, the record demonstrates that the defendant's plea of guilty was made voluntarily and intelligently. The colloquy between the plea judge and the defendant shows that at the time of her guilty plea, she was free of coercion, understood the nature of the crime charged, knew the extent of her guilt, recognized the basic penal consequences involved and was aware that she could have a trial if she wanted one. See *Commonwealth* v. *Nolan, supra* at 498-499. There were additional reasons present in this case that demonstrate that the omissions were not fatal.

Here, the defendant previously had a full trial on the matter. At that trial, she had confronted the witnesses that had appeared against her and also she had testified in her own behalf. It can be readily inferred from what had occurred at her previous trial on the same matter that the defendant was well aware that by her plea of guilty she was waiving her right of confrontation and her right against self-incrimination. We also note that "the defendant has not attempted any plausible showing of the materiality to [her] of the failure [of the plea judge] to mention the intra-trial rights." *Commonwealth* v. *Nolan*, 19 Mass. App. Ct. at 500.

The defendant relies on *Commonwealth* v. *Lewis*, 399 Mass. 761 (1987), to support her argument that, before accepting a guilty plea, the judge must advise the defendant of each specific right being waived. In *Lewis*, it appeared from the record that the defendant intended to plead guilty or to admit to specific facts. The judge advised the defendant of his right to a jury trial and the right of confrontation but said nothing about the waiver of his privilege against self-incrimination. The court held that the omission was fatal. However, the *Lewis* decision is expressly confined to its facts. See *Lewis*, 399 Mass. at 764. Those facts indicate the defendant, while offering to plead guilty, protested his innocence on two occasions. Here, the defendant at no point during the change of plea hearing asserted or even implied that she was not guilty. To the contrary, the defendant unequivocally admitted to the facts stated by the prosecutor and stated that she was pleading guilty solely because she was guilty.[1]

The *Lewis* decision illustrates an important principle that should be remembered by judges when they preside at a change of plea hearing. It states that in some circumstances a guilty plea may be held to be invalid because the judge unintentionally omitted advising the defendant that by his plea he is waiving certain rights. Therefore, judges must bring to a hearing involving a plea the same mental intensity, concentration, and discipline that they regularly employ when presiding at a trial. They must be sure that a defendant is advised of the consequences that flow from a guilty plea. Judges handling pleas of guilty should allow themselves to be assisted by model guidelines during the course of their colloquy. Guilty pleas are too important to the defendant, to the Commonwealth, and to the proper administration of justice for judges to "wing" it or

---

[1] In her brief, the defendant states that there were "repeated assertions by [her] that she was not guilty because she stabbed the victim in self-defense after he tried to rape her."

There is nothing in the record of the change of plea hearing that bears out the defendant's claim. The facts of the crime that were recited by the prosecutor to the judge clearly constituted manslaughter. The defendant told the judge that she was aware that by pleading guilty she was admitting to those facts.

to adopt idiosyncratic practices that only result in confusion and further appeals. Such guidelines are readily available from the offices of the Administrative Justices of the various trial courts. Although judges need not "adhere slavishly to the [guidelines]," *Commonwealth* v. *Lewis, supra* at 764, we are sure that if they are used on a regular basis, motions for withdrawal of guilty pleas will be rare indeed.[2]

2. *The alleged violation of G. L. c. 278, § 29D.* General Laws, c. 278, § 29D, provides that before accepting a plea of guilty or nolo contendre, a judge must inform the defendant that, if he is not a United States citizen, his conviction might result in his deportation, exclusion from the United States, or denial of naturalization. The statute further states that when a defendant has not been so advised by the judge, and he later shows that his conviction may have any of the above enumerated consequences, the defendant's motion to vacate the plea of guilty must be granted. See *Commonwealth* v. *Mahadeo,* 397 Mass. 314, 318 (1986). The purpose of the advisement set forth in the statute is to assure that a defendant knows that a plea of guilty may have an effect on his alien status. See *People* v. *Soriano,* 194 Cal. App. 3d 1470, 1474-1477 (1987), where the court interpreted a similar California statute.

Here, the defendant, in response to a question from the plea judge, stated that she was not a United States citizen. The plea judge then stated to her, "You are aware of the possibility of being deported because of these *charges* (emphasis supplied)?" The defendant answered, "Yes". She now claims that because the judge referred to "charges" rather than "conviction" language in G. L. c. 278, § 29D, that statute is violated and her

---

[2] The prosecutor and defense counsel have an important role to play at a change of plea hearing. "We would suggest . . . that a duty is cast on the lawyers on both sides to be alert and helpful if it appears that the judge through inadvertence may not be carrying out the full requirements of the rule." *Commonwealth* v. *Nolan, supra* at 502. It is readily apparent from this record that counsel on both sides, perhaps lulled into a sense of false security by the jointly recommended sentence, were of no assistance to the judge in bringing to his attention his lapses from the requirement of the rule. We add that appellate counsel were not counsel at the plea hearing.

motion to withdraw her guilty plea must be granted. Her claim is without merit.

The critical issue is whether the defendant had been advised that her guilty plea may well have immigration consequences. "The exact language of the warning given by the court is not crucial." *People* v. *Soriano*, 194 Cal. App. 3d at 1475. The record shows that at the change of plea hearing both defense counsel and the prosecutor, in the presence of the defendant, informed the plea judge of the possibility of deportation of the defendant as a result of her guilty plea. Specifically, defense counsel stated that the defendant was "facing, not for certain, not the certainty of deportation, but the likelihood of deportation; and certainly it is something that we would fight at the end of her term, but in a certain sense she is going to wind up being punished twice . . . . She is going to be forced to return to her country, to a country that she barely knows." The prosecutor then stated that "[t]he defendant here is also an alien, and the Commonwealth fully expects her to be deported at the end of whatever sentence back to Morocco." We hold that, in the circumstances, the judge's statement to the defendant coupled with the comments of counsel in her presence sufficiently advised her of possible immigration consequences of her guilty plea to manslaughter.

We emphasize, however, that the judge's statement to the defendant was barely adequate. The better practice would have been for the judge to read directly from the statute the advisement contained therein.

> *Order denying defendant's motion*
> *affirmed.*