Commonwealth *vs.* Oriol Soto.

Middlesex. April 6, 2000. - May 3, 2000.

Present: Marshall, C.J., Abrams, Greaney, Ireland, Spina, & Cowin, JJ.

*Practice, Criminal,* Plea. *Alien. Statute,* Construction.

Where the record of a criminal proceeding demonstrated that a Superior Court judge had failed, in contravention of the explicit provisions of G. L. c. 278, § 29D, to advise a defendant who was pleading guilty in 1990 to a narcotics offense that the defendant could be excluded from admission to the United States as a consequence of his conviction, the defendant's motion to withdraw his plea of guilty, filed in 1997, should have been allowed. [342]

Indictment found and returned in the Superior Court Department on November 17, 1987.

A motion to vacate judgment, filed on June 11, 1997, was heard by *R. Malcolm Graham,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*James E. McCall* for the defendant.

*David W. Cunis,* Assistant District Attorney, for the Commonwealth.

*Jennifer J. Smith,* Committee for Public Counsel Services, *Iris Gomez, Sarah Ignatius, Richard Iandoli, Mary Howells, & Gail Pendleton,* for Massachusetts Law Reform Institute & others, amici curiae, submitted a brief.

Abrams, J. We granted the Commonwealth's application for further appellate review to consider the issue of what constitutes an adequate immigration warning. See G. L. c. 278, § 29D. The defendant, Oriol Soto, asserts that his second motion for a new trial should have been allowed because the judge did not advise him properly as required by G. L. c. 278, § 29D. The Appeals Court reversed the order denying the motion for a new trial. *Commonwealth* v. *Soto,* 47 Mass. App. Ct. 914 (1999). We vacate the order denying the defendant's second motion for a new trial and remand for further proceedings consistent with this opinion.

1. *Prior proceedings and facts.* The defendant was charged with trafficking in excess of 200 grams of cocaine in 1987. After a trial by jury in 1988, the defendant was convicted and sentenced. In 1990, the defendant filed an assented-to motion for a new trial. After hearing, the defendant's assented-to motion for a new trial was allowed "in the interests of justice." In November, 1990, the defendant pleaded guilty to so much of the indictment as alleged possession of cocaine with the intent to distribute. The Commonwealth and defense counsel agreed to the defendant's being sentenced to time served. The defendant was released.

In 1997, the defendant filed a motion to vacate his 1990 plea alleging that the judge did not comply with G. L. c. 278, § 29D. A Superior Court judge denied the defendant's motion, endorsing the motion: "After review of all documents and transcripts, motion denied without hearing since defendant was warned by court." The defendant timely appealed.

The record reflects that, in 1990, when the defendant offered a plea to so much of the indictment as alleged possession of cocaine with the intent to distribute, the defendant was advised by the court as follows:

> THE JUDGE: "Are you a citizen of the United States?"
>
> THE DEFENDANT: "I'm not, but my wife and kids, they are legal, but I'm legal in this country since 1979, since 1981."
>
> THE JUDGE: "All right, I am required to inform you that a conviction based on your plea of guilty could result in your being denied citizenship, or for that matter, being deported. Do you understand that?"
>
> THE DEFENDANT: "Yes, I do."
>
> THE JUDGE: "And understanding that, do you still wish to plead guilty?"
>
> THE DEFENDANT: "Yeah."

Subsequent to that plea in May, 1997, the Immigration and Naturalization Service (INS) initiated proceedings to remove the defendant from the United States — he was in Puerto Rico at the time — because of his prior narcotics conviction. In the notice to appear, the INS classified him as an "arriving alien."

2. *Discussion.* General Laws c. 278, § 29D, in pertinent part, requires the judge to advise a person pleading to criminal charges as follows: "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

The judge at the plea colloquy did not advise the defendant that he could be excluded from admission to the United States. The Commonwealth does not argue otherwise. Rather, it claims that all that is required is that a defendant know his guilty plea may have immigration consequences. *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 666 (1989). We do not agree.

The Commonwealth's reliance on *Lamrini* is unpersuasive. The warnings in *Lamrini* were "barely adequate." *Id.* at 667. As the Appeals Court noted, "[t]he better practice would have been for the judge to read directly from the statute . . . ." *Id.* Lamrini knew the exact consequences of her plea — deportation. By contrast, in this case the defendant was not told he could be excluded from admission to the United States.

The Legislature has put the three required warnings in quotation marks, and each of them is required to be given so that a person pleading guilty knows exactly what immigration consequences his or her guilty plea may have. It is incumbent on the judge to notify a defendant that there are three specific consequences to a plea: (1) deportation; (2) exclusion of admission to the United States; and (3) denial of naturalization. A defendant must be advised of all three consequences of his plea. The words of the statute do not permit any other interpretation. "We are not free to ignore or to tamper with that clear expression of legislative intent." *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994).

The order denying the defendant's motion to withdraw his guilty plea is vacated. An order shall enter allowing the defendant's motion to withdraw his guilty plea and vacating the judgment. This matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*