COMMONWEALTH *vs.* GIOVAMBATTISTA DESORBO. No. 99-P-133. June 2, 2000. *Practice, Criminal,* Plea, New trial. *Alien.*

When she engaged in a colloquy with the defendant as he tendered his guilty plea, the Superior Court judge asked: "Do you understand that if you are not a citizen of the United States, a guilty finding on this indictment [distribution of cocaine, G. L. c. 94C, § 32A] could result in a change in your status in this country? Do you understand that?" This was a considerably foreshortened version of G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254, which requires a trial judge, before accepting a guilty plea, to advise a defendant of the following:

> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

Two years after tendering his plea, the defendant, who has been deported and is living in Italy, moved to withdraw his plea of guilty and for a new trial; this on the ground that the judge had advised him inadequately that he might be deported, not gain admission, or be denied naturalization. The motion was denied after hearing, and the defendant has appealed.

There is a strong suggestion in *Commonwealth* v. *Pryce*, 429 Mass. 556, 559 (1999), that the remedy afforded by G. L. c. 278, § 29D, to vacate the

---

judgment and enter a plea of not guilty, is not available *after* deportation. That is the defendant's situation in this case. More fatal to the defendant's motion, however, is that the record discloses unrelated convictions of offenses, such as armed robbery and assault by means of a dangerous weapon, that independently are a basis for deportation, refusal of readmission, and denial of naturalization. Indeed, the motion judge, who was also the judge who accepted the plea, observed that the defendant "has a six-page record, as it now stands, dating back [to] 1977." Any prejudice to the defendant from the drug conviction at the root of the instant case is speculative. Having already been convicted of offenses that subject him to permanent exclusion from the United States, this particular conviction caused no incremental harm. The defendant's motion was correctly denied.

There have been a fair number of appeals based on claims of flaws in the advice that G. L. c. 278, § 29D, requires judges to give to a defendant tendering a plea of guilty. See, e.g., *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 666-667 (1989); *Commonwealth* v. *Soto*, 431 Mass. 340 (2000). As the Legislature has set out and placed in quotation marks the exact text of what judges should say on such occasions, and it is only one sentence, the proper practice is to give the warning as the Legislature has written it. *Id.* at 342.

*Denial of motion to withdraw plea and for a new trial affirmed.*

*Stella Robinson* for the defendant.

*Omar J. Facuse*, Assistant District Attorney (*David W. Cunis*, Assistant District Attorney, with him) for the Commonwealth.