Hely, J.
A. Introduction
Indictment 102170, Count A, and Indictment 102171, Count A, charge that the defendant, with lascivious intent, disseminated visual material containing a representation of a child under eighteen in a state of nudity in violation of G.L.c. 272, §29B(a). Counts B of the same two indictments charge that the defendant, with lascivious intent, disseminated visual material containing a representation of an act that depicts sexual conduct participated in by a child under eighteen in violation of G.L.c. 272, §29B(b). The evidence before the grand jury was that the defendant disseminated color photographs of children in sexual conduct or in a state of nudity to two undercover police officers. The defendant disseminated these photographs by means of internet computer transmissions
The defendant’s motion contends that the grand jury evidence is insufficient to support charges under G.L.c. 272, §29B(a) and (b), based on the argument that computer transmitted images are not “visual material” under the statute. The motion is denied for the reasons stated below.[1]
B. The Grand Jury Evidence and the Statute
The motion to dismiss is in effect a claim that the evidence before the grand jury was insufficient to support the charges. See Commonwealth v. McCarthy, 385 Mass. 160, 161-63 (1982). In opposing the motion the Commonwealth appropriately submitted a transcript of the grand jury testimony and the grand jury exhibits. The exhibits have been impounded.
State Police Trooper Steven P. Godfrey testified that he was involved in an investigation of the defendant with the Attorney General’s Office High Tech Crime Unit. Medford Police Sergeant John McLean and State Police Trooper Matthew Murphy participated in the investigation. Sergeant McLean identified himself as a fourteen-year-old girl and used a screen name of Sarah 14. He communicated with the defendant by the internet. The defendant used the screen names Eyes4You and Eyes4You2. The defendant sent Sergeant McLean by the internet nine color photographs of child pornography and many other images of adult pornography. The defendant gave Sergeant McLean his name and other identifying information. Using this information, Sergeant McLean learned the defendant’s address in Wareham.
Trooper Murphy also communicated with the defendant on the internet. Trooper Murphy identified himself as a fifteen-year-old girl with the screen name BostonJules. The defendant also sent to Trooper Murphy by the internet the nine color photographs of child pornography and the adult pornography images that he had sent to Sergeant McLean.
Trooper Godfrey made black and white copies of the nine color child pornography photographs that the defendant sent to Sergeant McLean and to Trooper Murphy. These nine black and white copies are labeled Exhibit A, and they were introduced as Exhibit 1 in the grand juiy proceeding.
Trooper Godfrey and other officers executed a search warrant at the defendant’s house. They seized two computers and many computer disks. In response to questions the defendant stated that the disks labeled K1 through 9 contained about ninety to one hundred images of children having sex with other children or adults. The defendant said that the ages of the children were about nine through nineteen. The defendant admitted that he might have sent four to five people child pornography images from disks K1 through 9. The defendant said he remembered sending BostonJules some pornographic pictures. He said he may have sent BostonJules some child pornography images from K1 through 9, but he did not specifically recall. Trooper Godfrey testified that on the defendant’s disks and computers he observed at least 250 images of child pornography. These child pornography images included images of children in sexual acts with other children, children is sexual acts with adults, a young girl posed naked, and a very young girl being bound and raped.
G.L.c. 272, §29B (a), makes it a criminal offense for any person to “disseminate! ],” with knowledge and lascivious intent, “any visual material” that contains a “representation or reproduction” of any posture or exhibition in a state of nudity involving the use of a child under eighteen. G.L.c. 272, §29B(b), makes it a criminal offense for a person to “disseminate! ],” with knowledge and lascivious intent, “any visual material” that contains a “representation or reproduction” of any act that “depicts, describes, or represents” sexual conduct participated or engaged in by a child under eighteen.[2]
G.L.c. 272, §31, provides the statutory definition of “visual material” that must be used in interpreting Section 29B unless the context requires otherwise. “Visual material” is defined in Section 31 as “any motion picture film, picture, photograph, videotape, any book, magazine, or pamphlet that contains pic *718 tures, photographs or similar visual representations or reproductions.” The Section 31 definition further states that “[ujndeveloped photographs, pictures, motion picture films, videotapes and similar visual representations or reproductions may be visual materials notwithstanding that processing, development or similar acts may be required to make the contents thereof apparent.”
The term “visual material” is by itself intentionally broad. It connotes a wide range of materials that involve visual display. More importantly for this case, the statutory definition of “visual material” explicitly includes “any . . . picture” and “any . . . photograph.” The term photograph has a well understood meaning in common, generally accepted usage. A photograph is an image of an object or person created by the photographic process through the operation of light passing into a camera and upon a photosensitive surface. The American Heritage Dictionary of the English Language 1323 (4th ed., 2000) (“photograph” and “photography”). Photography includes digital photography. See id. at 507. Photographs can be displayed or distributed by prints on paper or on other substances. Photographs can be displayed by light passing through a film or slide to a screen or similar surface. And photographs can be displayed by computer displays and transmissions.
The photographs of children in Grand Jury Exhibit 1 may have been created by a conventional camera or by a digital camera. Either way they are photographs. Under Section 31, a “photograph” is “visual material.” These photographs are likewise pictures, and a “picture” is “visual material” under Section 31. One does not have to guess at the meaning of this statute; we just have to read it slowly.
The breadth of the terms “visual material,” “picture” and “photograph” expresses an obvious intent by the Legislature to include in the dissemination offense the dissemination of any form of visual representation of a child in sexual conduct or in a state of nudity as long as the dissemination is with knowledge and lascivious intent. Under the terms of Sections 29B and 31, it is not the communicative format or medium that matters; what matters is whether the visual material represents a child in sexual conduct or in a state of nudity and whether such material is disseminated with knowledge and lascivious intent.
The intentional breadth of the terms “visual material,” “any . . . picture,” and “any . . . photograph” is also emphasized by Section 31’s additional language that includes “undeveloped” photographs, pictures, motion picture films, videotapes and similar visual representations or reproductions, “notwithstanding that processing, development or similar acts may be required to make the contents thereof apparent.” The Legislature thus expressly stated an intent to include as “visual material” any form of picture or photograph of a child in sexual conduct or in a state of nudity, regardless of whether further “processing” may be needed to display the picture or photograph. Under Sections 29B and 31, the physical or technological means used to display the visual material, picture or photograph is unimportant as long as the material represents a child in a sexual conduct or in a state of nudity and it is disseminated with knowledge and lascivious intent.
The crucial verb in Section 29B is “disseminates.” The Section 31 definition of “disseminate” includes to “produce, print, manufacture, distribute, . . . exhibit or display.” This further shows that the Legislature intended to include a broad range of visual materials, pictures and photographs. The statutory concern is not with the manner of processing the “display” or the means of distributing; the statutory concern is with the content of the material.
The color photographs of children transmitted by the defendant in this case fall within the Section 31 definition of “visual material.” Grand Jury Exhibit 1 and the officer’s testimony show that the defendant distributed photographs of actual children, not some artist’s rendering of an image of a child. While paintings and drawings would also qualify as pictures under Section 31, this case involves photographs. The statutory term “picture” includes the photographs in this case, but these photographs are also within the more narrow statutory term “any . . . photograph.” G.L.c. 272, §31. The definition of “visual material” in Section 31 leaves no reasonable doubt that these photographs are “visual material.”
In 1997, the Legislature enacted a new offense, G.L.c. 272, §29C, which prohibits possession of a film, photograph, videotape, “or other similar visual reproduction, or depiction by computer" of a child in specific forms of sexual conduct or lewd exhibition. St. 1997, c. 181. The defendant argues that the specific reference to computer depictions in Section 29C implies that the Section 31 definition of “visual material” does not include computer depictions. This argument ignores the pre-existing broad language of Sections 29B and 31 which includes “visual material,” “any . . . picture," and “any . . . photograph.” The fact that the Legislature in the 1997 possession statute chose to specifically refer to computer depictions does not mean that a color photograph of a child that is transmitted by a computer is not a “photograph,” not a “picture,” and not “visual material” under Sections 29B and 31.
In enacting the Section 29C possession statute, the General Court made the following finding among others: “to protect children from sexual exploitation it is necessary to prohibit the production of material which involves or is derived from such exploitation and to exclude all such material from the channels of trade and commerce . . .” St. 1997, c. 181, §1 (emphasis added). This hardly suggests that the Legislature was mandating an interpretation of “visual material,” “pic *719 ture,” and “photograph" in the earlier dissemination statute that would permit computer distribution of color photographs of children in sexual conduct or in a state of nudity by means of a computer. “The maxim that penal statutes are to be strictly construed does not mean that an available and sensible interpretation is to be rejected in favor of a fanciful or perverse one.’ "Commonwealth v. Carrion, 431 Mass. 44, 46 (2000); Commonwealth v. Chavis, 415 Mass. 703, 708 (1993).[3]
Similarly, the 1988 amendment to Section 31 to add the term “videotape” as one particular form of visual material (St. 1988, c. 226, §8) does not require a more restrictive interpretation of the prior broad language chosen by the Legislature. As discussed earlier, a color photograph of a child disseminated by a computer is a “photograph,” is a “picture,” and is "visual material” under the terms of Section 31, “notwithstanding that processing, development or similar acts may be required to make the contents thereof apparent.” G.L.c. 272, §31. The Legislature’s exercise of caution in adding the term “videotape” is not a repeal the prior language. The videotape amendment does not require that every technological innovation in the manner of processing or distributing a photograph must be the subject of a special statutory amendment. The court is “not free to ignore or to tamper with ... [a] clear expression of legislative intent” that includes photographs as visual material, notwithstanding that processing, development or similar acts may be required to make the contents apparent. Commonwealth v. Soto, 431 Mass. 340, 342 (2000).
“Photograph” is not an ambiguous term. “The rule of lenity does not require .. . that absent an ambiguity we construe a penal statute most favorably to a defendant.” Commonwealth v. Carrion, 431 Mass. 44, 46 (2000). The defendant distributed photographs. This is dissemination of visual material under G.L.c. 272, §§29B and 31. The grand jury evidence is sufficient to support indictments and a prosecution for violations of G.L.c. 272, §29B(a) and (b).
C. Order
The defendant’s motion to dismiss the indictments is denied.

 Indictment 102172, Counts A and B, charge the defendant with knowing possession of a negative, photograph or other similar visual reproduction or depiction by computer of a child under eighteen engaged in certain specific sexual conduct or in a lewd exhibition of the genitals, pubic area, buttocks or female breast, in violation of G.L.c. 272, §29C(il) and (vii). The defendant’s motion to dismiss does not challenge this indictment.

Section 29B(a) and (b) also prohibit the knowing possession of the same categories of visual material with the intent to distribute. The indictments at issue in this case, Indictments 102170 and 102171, charge dissemination rather than possession with intent to disseminate.

Section 29C also uses different terminology than Sections 29B and 31 to describe the varieties of sexual conduct involving children that are covered by the possession statute. The newer sexual conduct terminology in the possession statute does not mean that the Legislature was requiring a more constricted interpretation of the pre-existing definition of “sexual conduct” under Section 31.