## COMMONWEALTH *vs.* ICARFENS HILAIRE.

Middlesex. December 4, 2001. - October 18, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Plea. *Alien. Statute,* Construction.

COMPLAINTS received and sworn to in the Somerville Division of the District Court Department on July 2, July 11, and July 14, 1996, respectively.

A motion to vacate an admission to sufficient facts and for a new trial, filed on March 11, 1998, was heard by *Paul P. Heffernan,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Kathleen A. Murphy,* Special Assistant District Attorney (*David W. Cunis,* Assistant District Attorney, with her) for the Commonwealth.

*Matthew Campbell* for the defendant.

*Jennifer J. Smith,* Committee for Public Counsel Services, & *Daniel Kanstroom, Iris Gomez, & Sarah Ignatius,* for Committee for Public Counsel Services & others, amici curiae, submitted a brief.

Sosman, J. At issue in this case is whether a defendant's signature underneath the alien warning on the District Court's preprinted "Tender of Plea or Admission Waiver of Rights" form satisfies the statutory requirement that "the court" advise a defendant of the possible immigration consequences of a plea of guilty. G. L. c. 278, § 29D. Facing deportation back to his native Haiti more than one and one-half years after his admission to sufficient facts on multiple charges, the defendant moved to withdraw those admissions and for a new trial on the ground that the judge failed to provide him with the required alien warnings during the oral colloquy, notwithstanding that he had signed three copies of a form containing the required warnings at the time he proffered his admissions. A divided panel of the Appeals Court reversed the order denying the defendant's motion for a new trial, *Commonwealth* v. *Hilaire*, 51 Mass. App. Ct. 818 (2001), and we granted the Commonwealth's application for further appellate review. We agree with the Appeals Court and hold that the statute requires the judge to deliver the alien warnings orally as part of the colloquy, and, where the warnings given during that colloquy fail to meet the statutory requirements, the defendant's signature on the court's standard form containing the warnings does not suffice to avoid the consequences mandated by the statute. We therefore reverse the order denying the defendant's motion for a new trial and remand the case for further proceedings consistent with this opinion.[1]

1. *Facts and procedural history.* In July, 1996, the defendant was charged with multiple crimes stemming from his alleged participation in three separate incidents involving the stealing of one motor vehicle, damaging the windows of several others, and larceny of property from yet another. On July 26, 1996, the defendant tendered admissions to sufficient facts on three charges conditioned on specific dispositional terms. See Dist./ Mun. Ct. R. Crim. P. 4 (c). The prosecutor disagreed with those terms and submitted an alternative disposition. The judge rejected the defendant's proposal, indicating the disposition that

---

[1]Because we resolve this issue in the defendant's favor, we need not reach the defendant's additional argument that he was not adequately informed of the nature and elements of the offenses before he admitted to sufficient facts. See *Commonwealth* v. *Hilaire*, 51 Mass. App. Ct. 818, 825-827 (2001) (Brown, J., concurring).

he would find acceptable. See *id.*; Mass. R. Crim. P. 12 (c) (6), as appearing in 399 Mass. 1215 (1987). The defendant decided to accept the judge's proposed disposition.

As provided by rule 4 (c), the tender of each of the defendant's admissions was set forth on the standard preprinted form to be used in connection with such tenders. On the front of each of the forms, the defendant signified his acceptance of the judge's proposed disposition by checking the box next to the following statement:

> "Defendant ACCEPTS terms set forth by the Court, a Plea or Admission will be accepted by the court and said dispositional terms imposed, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS."

The "Section IV" waiver referenced in that acceptance appeared at the top of the reverse side, captioned "DEFEN-DANT'S WAIVER OF RIGHTS (G. L. c. 263, § 6) & ALIEN RIGHTS NOTICE (G. L. c. 278, § 29D)." In five separate paragraphs, the printed waiver first acknowledged the defendant's voluntary waiver of his right to be tried by a jury or judge, his understanding of his constitutional rights, his awareness of the nature and elements of the charge, the voluntariness of his decision to plead guilty or admit to sufficient facts, and the absence of any impairment affecting his ability to understand his rights. Then, in the sixth paragraph, the form read: "I understand that if I am not a citizen of the United States, conviction of this offense may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States." Immediately below that paragraph was the line for the defendant's signature. The defendant signed each of the three forms on that signature line.

Immediately below the defendant's signature, the form contained a section for counsel's certification. The preprinted statement provided that counsel had "explained to the defendant the above-stated provisions of law regarding the defendant's waiver of jury trial and other rights so as to enable the defendant

to tender his or her plea of guilty or admission knowingly, intelligently and voluntarily." The defendant's counsel signed each form underneath that certification.

The judge conducted a plea colloquy, first explaining the proposed disposition and then confirming the defendant's awareness of his rights, the voluntariness of his decision to admit to sufficient facts, and the absence of any impairment. The judge next asked the defendant, "If you're not a full United States citizen, a finding of guilty in these cases could affect your status; do you understand that?" The defendant made some response, but the transcript reflects that it was "inaudible." The judge continued, "Do you know what that means?" Before the defendant replied, the judge continued: "For the record, further I must be satisfied that you are making these admissions because you feel you would be found guilty at trial and that there is no other reason; is that so?" The defendant's response was recorded as "inaudible." The judge proceeded to explain that with respect to two of the complaints (one for operating after suspension and the other for larceny of a motor vehicle), "a finding of guilty will not only affect your status if you're not a citizen, but would also affect your license or right to operate [a] motor vehicle; do you understand that?" The transcript again recorded the defendant's response as "inaudible." The prosecutor then recited the facts underlying the complaints; the judge asked defense counsel whether she had "[a]ny questions regarding these matters"; and counsel replied that there were "[n]o questions on the facts . . . ." The defendant was then found guilty and sentenced. At no point during the colloquy did the judge make any reference to the rule 4 (c) forms or to the defendant's acknowledgment of the immigration warnings on those forms.

After concluding the colloquy, the judge signed each of the rule 4 (c) forms in the designated preprinted section, certifying that he had "addressed the defendant directly in open court" and had "made appropriate inquiry" verifying that the defendant's admission was made knowingly, intelligently, and voluntarily, and that there was a factual basis for the defendant's admission. The preprinted statement further certified "that the defendant was informed and advised that if he or she is not a citizen of the United States, a conviction of the offense with

which he or she was charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

On or about September 12, 1997, the defendant was taken into custody by the Immigration and Naturalization Service (INS) pending deportation proceedings. An order of deportation, premised solely on the convictions at issue here, was issued sometime in February, 1998. On March 11, 1998, prior to the expiration of the time in which to appeal that deportation order, the defendant filed a motion to vacate his admission to sufficient facts and for a new trial, on the ground, inter alia, that he had not received the alien warnings required by G. L. c. 278, § 29D. The judge denied the motion, concluding that his advising the defendant that the admission might affect his "status" was sufficient warning under the statute.[2]

2. *Discussion.* General Laws c. 278, § 29D, provides in pertinent part that "[t]he court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless *the court advises such defendant* of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States' " (emphasis added). If the court fails to provide this warning, and the defendant later shows that he "may" suffer one of the enumerated immigration consequences, then "the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." *Id.*[3]

With the commencement of deportation proceedings against him, there is no dispute that the defendant "may" suffer one of

[2]The judge's ruling did not rely on the written alien warnings contained on the "Tender of Plea or Admission Waiver of Rights" form.

[3]For purposes of G. L. c. 278, § 29D, an admission to sufficient facts to warrant a finding of guilt is the functional equivalent of a guilty plea, entitling such a defendant to receive the warnings and to obtain the same relief in the event of adverse immigration consequences following a failure to give those warnings. See *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 50 n.3 (2000);

the enumerated immigration consequences and that, if warnings were not given in accordance with the statute, he would be entitled to withdraw his admissions. We therefore need only determine whether the court "fail[ed] so to advise the defendant." G. L. c. 278, § 29D.

The oral warning given during the colloquy did not satisfy the statute's requirements, as the judge merely told the defendant that "a finding of guilty in these cases could affect [his] status." In *Commonwealth* v. *Soto*, 431 Mass. 340, 342 (2000), we held that "[i]t is incumbent on the judge to notify a defendant that there are three specific consequences to a plea: (1) deportation; (2) exclusion of admission to the United States; and (3) denial of naturalization. A defendant must be advised of all three consequences of his plea." In that case, the defendant, who had pleaded guilty to a narcotics charge in 1990, moved to vacate his plea seven years later after the INS initiated proceedings to exclude him from the United States as an "arriving alien." *Id.* at 341. Although the judge who took the defendant's plea had warned him that his plea "could result in [his] being denied citizenship, or for that matter, being deported," the court had failed to advise the defendant that a guilty plea might result in his being excluded from admission — the precise consequence the defendant later faced. *Id.* at 341, 342. We held that a defendant must be told "exactly what immigration consequences his or her guilty plea may have" by explicit reference to "all three consequences" specified in the statute. *Id.* at 342.

Here, the judge's advice that the defendant's admission may affect his "status," without mentioning any of the specific immigration consequences identified in the statute, fell far short of the statutory requirement. Nor did the colloquy identify the immigration consequence that the defendant is now suffering, i.e., deportation. Cf. *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662, 666-667 (1989) (where INS later sought to deport defendant following guilty plea, colloquy warning of "possibility of being deported" was "barely adequate," noting that "bet-

---

*Commonwealth* v. *Jones*, 417 Mass. 661, 662-663 (1994); *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 316-317 n.2 (1986).

ter practice would have been for the judge to read directly from the statute the advisement contained therein").

The Commonwealth contends that this defect in the verbal warning was cured by the preprinted warning on the rule 4 (c) form, which the defendant signed three times. Essentially, the Commonwealth is arguing that the written warning, augmented by the judge's references to the defendant's immigration "status," satisfies the statutory requirement that "the court" provide the warnings. We reject the contention that solely providing a form containing written alien warnings, given to defense counsel by a court official (e.g., assistant clerk or probation officer), satisfies the statutory requirement that "the court advise[] such defendant" of those immigration consequences. The use of such forms serves other purposes, as it provides a written record of the change of plea (including a record of the administration of alien warnings), and the written material serves to reinforce the various rights, warnings, and other information that is provided orally during the course of the colloquy. The form, however, is not a substitute for the alien warnings that must be given by "the court."

As used throughout G. L. c. 278, § 29D, the term "court" refers to a judge, not to the "court" as an institution. The section begins, *"The court* shall not accept a plea of guilty . . ." (emphasis added). G. L. c. 278, § 29D. Only a judge "accept[s]" a guilty plea. It cannot be "accept[ed]" by any other official of the court acting on behalf of the court as an institution. Similarly, the statute provides that "[t]he defendant shall not be required at the time of the plea to disclose *to the court* his legal status in the United States" (emphasis added). *Id.* Given that a change of plea occurs before a judge, that reference to "the court" is also a reference to the judge taking the plea, not to "the court" as an institution. The statute further specifies that if a defendant suffers one of the adverse immigration consequences after not having received the requisite warnings, *"the court,* on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea" (emphasis added). *Id.* Only a judge can allow such a motion

and permit the withdrawal of a plea, and the word "court" is obviously being used as synonymous with "judge."[4]

When the Legislature uses the same term in the same section, or even in different statutory sections, the term should be given a consistent meaning throughout. See *Webster* v. *Board of Appeals of Reading*, 349 Mass. 17, 19 (1965); *Police Dep't of Boston* v. *Fedorchuk*, 48 Mass. App. Ct. 543, 549 (2000); *Commonwealth* v. *Perry*, 6 Mass. App. Ct. 531, 535 (1978). Thus, when the same term ("the court") is used throughout § 29D, in contexts that clearly refer to a judge, the use of that same term to identify the person responsible for advising the defendant of the potential immigration consequences must also refer to a judge, specifically, the judge who is conducting the plea colloquy and deciding whether to "accept" the change of plea. G. L. c. 278, § 29D. It does not refer to the court as an institution, and does not thereby refer to court personnel who might, by providing the defendant with the standard rule 4 (c) form, be "advis[ing]" the defendant of the immigration consequences referenced on that form.

Although this issue has not been specifically raised before, our case law is replete with references to the requirement that the "judge" give the defendant the warnings prescribed by G. L. c. 278, § 29D. See, e.g., *Commonwealth* v. *Soto*, 431 Mass. 340, 342 (2000) (§ 29D "requires the judge to advise a person pleading to criminal charges"); *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 49 (2000) (§ 29 entitles defendant to withdraw plea "if, at the time the plea was entered, the judge failed to give the required deportation advisement"). See also *Commonwealth* v. *Ciampa*, 51 Mass. App. Ct. 459, 462 (2001) ("defendant is entitled to have his conviction vacated if, at the

---

[4]The term "court" is used as a synonym for "judge" in many other statutes as well. See, e.g., G. L. c. 218, § 26A (on defendant's motion "or upon the court's own motion, the judge shall issue an order of discovery"); G. L. c. 208, § 34 (in setting alimony and assigning property, "the court, after hearing the witnesses, if any, of each party, shall consider the length of the marriage"); G. L. c. 233, § 65 (declaration of deceased person admissible "if the court finds that it was made in good faith and upon the personal knowledge of the declarant"); G. L. c. 211E, § 3 (*a*) (2) (describing how sentencing guidelines to be used by "sentencing judge," providing that "[i]n the absence of an applicable sentencing guideline the court shall impose an appropriate sentence . . .").

time of his guilty plea, the judge fails to warn him of the three immigration consequences"); *Commonwealth* v. *Desorbo,* 49 Mass. App. Ct. 910, 911 (2000) (§ 29D "requires judges to give [warnings] to a defendant tendering a plea of guilty," and "the Legislature has set out and placed in quotation marks the exact text of what judges should say on such occasions"); *Commonwealth* v. *Lamrini,* 27 Mass. App. Ct. 662, 666, 667 (1989) ("a judge must inform the defendant" of immigration consequences specified in § 29D, and "when a defendant has not been so advised by the judge," § 29D provides for withdrawal of plea; notes that "better practice [is] for the judge to read directly from the statute the advisement contained therein"); Reporters' Notes to Mass. R. Crim. P. 12 (c) (3), Mass. Ann. Laws, Rules of Criminal Procedure, at 117 (Lexis 1997) (§ 29D warnings "expressly required by the statute to be imparted by the judge, rather than by counsel as permitted by this subdivision with respect to other consequences" of guilty plea). This comports with the commonsense interpretation that, in context, the term "court" in § 29D refers to the judge taking the plea, not to any other court official or to the court as an institution.

Indeed, the wording of the rule 4 (c) form itself contemplates that the § 29D warnings will be administered as part of the colloquy and belies any claim that the defendant's signature on the waiver section of the form is all that is required. The defendant's written acceptance of the judge's proposed disposition is given "subject to" the defendant's signed waiver (which contains the written § 29D warnings), "completion of the required oral COLLOQUY, determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS." If signature on the waiver were a sufficient advisement of those alien rights, the "notice of ALIEN RIGHTS" would not be a separate condition of the defendant's acceptance. Instead, the form lists "notice of ALIEN RIGHTS" along with other items that constitute the standard plea colloquy. Similarly, the certification that the judge "addressed the defendant directly in open court" contains the specific certification "that the defendant was informed and advised that if he or she is not a citizen of the United States, a conviction of the offense with which he or she was charged may have the consequences of

deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States." If immigration warnings only needed to be in written form, the defendant's signature underneath the written warnings would suffice, and there would be nothing on that subject for the judge to "certify." Rather, in context, the inclusion of the § 29D warnings as part of the judge's certification allows the judge to certify that those warnings, along with the other components of a standard colloquy, were in fact delivered as part of that colloquy "addressed [to] the defendant in open court."[5]

We recognize that the defendant acknowledged by his signature on three separate forms that he understood the immigration consequences that might result from his admissions, and he does not raise any claim that he did not have time to read the forms or that he could not understand them. See *Commonwealth* v. *Hilaire, supra* at 834-836 (Grasso, J., dissenting). We must nevertheless conclude that the preprinted form does not, by itself, fulfil the statutory command of G. L. c. 278, § 29D. The language of G. L. c. 278, § 29D, makes clear that it was the duty of the judge to advise the defendant of the three immigration consequences that might result from his admission. The transcript demonstrates that the judge failed to do so, and

---

[5]The purpose of including such a certification on the form is to provide a "record" that the warnings were given, as "[a]bsent a record that the court provided the advisement required by [§ 29D], the defendant shall be presumed not to have received the required advisement." G. L. c. 278, § 29D. See *Commonwealth* v. *Podoprigora*, 46 Mass. App. Ct. 928, 929 (1999) (notation on docket that defendant advised of "alien rights" constituted sufficient "record" that § 29D warnings administered). See also *Commonwealth* v. *Pryce*, 429 Mass. 556, 557-558 (1999) (notation on docket that guilty plea accepted "after hearing," combined with evidence that "standard colloquy" included alien warnings, constituted sufficient "record" that warnings given). Nothing in today's opinion disturbs our jurisprudence concerning the requisites for an adequate "record" for purposes of the statutory presumption, and we encourage the continued use of such forms to preserve such a "record." Here, however, a transcript of the colloquy is available; we thus have no need to resort to secondary sources, such as the preprinted form, to determine the contents of the alien warnings that were given during the colloquy. While such secondary sources suffice in the absence of an official transcript, they do not cure specific defects in the warnings that are revealed by the contents of an available transcript. As such, the Commonwealth's reliance on *Commonwealth* v. *Pryce, supra*, is misplaced.

the Legislature has prescribed the remedy for such failure: the defendant must be permitted to withdraw his admissions and enter a plea of not guilty.

We also recognize the time pressures judges face each day in busy criminal sessions. As the Appeals Court noted, "[t]he requirements imposed by the courts on a judge who accepts a guilty plea are many, but those imposed by the Legislature are few." *Commonwealth* v. *Hilaire, supra* at 819. Among those "few" requirements is G. L. c. 278, § 29D, and "[w]e are not free to ignore or tamper with that clear expression of legislative intent." *Commonwealth* v. *Jones,* 417 Mass. 661, 664 (1994). To comply with the statute, the judge must give the alien warning, preferably by reading the single quoted sentence directly from the statute. Nothing in the statute requires that the judge confirm the defendant's understanding of the potential immigration consequences, or that the judge explain the complexities of immigration law, or that the judge spell out the specific application of that complex law to the defendant's particular situation.[6] The statute requires only that the defendant be told of certain consequences that "may" occur, and that statutory mandate is readily satisfied by the judge reading out loud the single sentence that the Legislature has provided in quotation marks.[7]

The order of the District Court denying the defendant's motion to withdraw his admission to sufficient facts and for a new trial is reversed, and the matter is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

IRELAND, J. (concurring). I concur with the court in this case

---

[6]Indeed, the statute prohibits the judge from even making inquiry as to the defendant's immigration status: "The defendant shall not be required at the time of the plea to disclose to the court his legal status in the United States." G. L. c. 278, § 29D.

[7]Although not required by the statute, where the defendant is admitting to sufficient facts for purposes of obtaining a continuance without a finding and ultimate dismissal of the charges, G. L. c. 278, § 18, the better practice is to supplement the alien warning by informing the defendant that even a continuance without a finding followed by dismissal may be treated as a "conviction" for immigration purposes. See *Commonwealth* v. *Villalobos, ante* 797, 806 n.5 (2002).

for the same reason that I dissented in *Commonwealth* v. *Villalobos, ante* 797, 806 (2002).