COMMONWEALTH *vs.* NICHOLAS T. AGBOGUN.

No. 01-P-1691.

Worcester. March 4, 2003. - May 27, 2003.

Present: COWIN, KASS, & GREEN, JJ.

*Practice, Criminal,* Plea. *Alien.*

This court concluded that a Superior Court judge's immigration warning to a criminal defendant at a plea colloquy, though "barely adequate," advised the defendant of the immigration law consequence that he now faced (deportation), and that the defendant was therefore not entitled to relief under G. L. c. 278, § 29D; further, the court reiterated that a judge conducting a plea colloquy should administer the warning required by G. L. c. 278, § 29D, in strict conformity with the statutorily prescribed form. [207-208]

INDICTMENT found and returned in the Superior Court Department on February 5, 1997.

A motion to vacate a plea of guilty, filed on March 9, 2001, was heard by *Diane M. Kottmyer,* J.

*Eric J. Weinstein* for the defendant.

*Timothy J. Smyth,* Assistant District Attorney, for the Commonwealth.

GREEN, J. General Laws c. 278, § 29D, provides that a court "shall not accept a plea of guilty" unless the court administers the following prescribed warning:

> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

To that explicit statutory directive, our decided cases have added emphasis. See *Commonwealth* v. *Soto,* 431 Mass. 340 (2000);

*Commonwealth* v. *Hilaire*, 437 Mass. 809 (2002); *Commonwealth* v. *DeSorbo*, 49 Mass. App. Ct. 910, 911 (2000).

In the present case, a Superior Court judge advised the defendant at a plea colloquy that his conviction "could result in deportation or other action under the immigration laws." Later facing deportation, the defendant moved to withdraw his guilty plea and now appeals from the denial of his motion. We affirm.

The plea judge's warning did not conform to the language of G. L. c. 286, § 29D,[1] and it is undisputed that the defendant now faces one of the immigration consequences enumerated in the statute. However, in contrast to *Commonwealth* v. *Soto, supra* at 341-342, and *Commonwealth* v. *Hilaire, supra* at 812-814, the colloquy in the present case warned the defendant of the precise immigration consequence he now faces. In that respect, this case closely resembles *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. 662 (1989).[2]

In *Lamrini*, the plea judge warned the defendant of the potential for deportation, but not of the possibility of exclusion or denial of naturalization. *Id.* at 666. When the defendant subsequently faced deportation, she sought to vacate the judgment against her and to withdraw her guilty plea. *Id.* at 663. We affirmed the denial of her motion because the plea judge's warning — though not citing all three immigration consequences specified in the statute — "sufficiently advised [the defendant] of possible immigration consequences of her guilty plea." *Id.* at 667.[3]

The defendant in the present case contends that, though he

---

[1] The plea colloquy predated the guidance contained in *Commonwealth* v. *Soto, supra* at 342.

[2] The defendant's signature on a "Waiver of Defendant's Rights" form (which contained reference to the three immigration consequences specified in G. L. c. 278, § 29D) was insufficient to overcome any deficiencies in the oral warning issued at the plea colloquy. See *Commonwealth* v. *Hilaire, supra* at 815.

[3] *Lamrini* was decided before the court's decisions in *Soto* and *Hilaire*, but both decisions cite *Lamrini* with apparent approval. See *Commonwealth* v. *Soto, supra* at 342 (invalidating warning where defendant was warned of deportation but later faced exclusion, and distinguishing *Lamrini* because "Lamrini knew the exact consequences of her plea"); *Commonwealth* v. *Hilaire, supra* at 814 (invalidating warning where colloquy did not "identify the immigration consequence that the defendant is now suffering").

currently faces only deportation, he may face exclusion or denial of naturalization at some time in the future. However, we construe the statute to authorize withdrawal of a guilty plea only when a defendant actually faces an immigration consequence of which he was entitled to be warned but was not warned. The statute includes, as a separate element for relief, a requirement that a defendant "show[ ] that his plea and conviction may have one of the enumerated consequences." To vacate a judgment of conviction and to allow withdrawal of a guilty plea for consequences that a defendant may face only in some hypothetical future would make relief automatic in the event of a defective warning. Such a construction would eliminate any purpose for the additional statutory requirement that the defendant face one of the enumerated consequences in order to obtain relief and would, accordingly, violate settled canons of statutory construction. See *Commonwealth* v. *Shea*, 46 Mass. App. Ct. 196, 197 (1999), quoting from *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 352 Mass. 617, 618 (1967) ("[N]one of the words of a statute is to be regarded as superfluous").

We conclude that, though "barely adequate," *Commonwealth* v. *Lamrini*, 27 Mass. App. Ct. at 667, the plea judge's immigration warning advised the defendant of the immigration law consequence that he now faces (deportation), and that the defendant is therefore not entitled to relief under G. L. c. 278, § 29D. We nevertheless take this occasion to reiterate that a judge conducting a plea colloquy should administer the warning required by G. L. c. 278, § 29D, in strict conformity with the statutorily prescribed form. The denial of the defendant's motion to withdraw his guilty plea is affirmed.

*So ordered.*