NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-809

COMMONWEALTH

vs.

EMMANUEL EVARISTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal from an order denying the defendant's second motion to withdraw his guilty pleas in four separate cases involving possession with intent to distribute a class B drug and distributing a class B drug, all in violation of G. L. c. 94C, § 32A (a).  A judge of the Boston Municipal Court denied his motion.  On appeal, the defendant argues that his guilty pleas were not made knowingly, intelligently, and voluntarily because the plea judge did not give the defendant time to confirm his understanding of the immigration warning read to him pursuant to G. L. c. 278, § 29D.  We affirm.

Background.  In August 2017, the defendant entered guilty pleas in two separate criminal cases.  With respect to each

case, he pleaded guilty to one count of distribution of, and one count of possession with intent to distribute, a class B substance. The dockets in both cases reflect that the defendant was read the immigration warning required by G. L. c. 278, § 29D. The defendant received four concurrent, suspended sentences of two years in the house of correction.

In September 2018, with respect to two additional criminal cases, the defendant pleaded guilty to two charges of possession with intent to distribute a class B substance. The dockets in the 2018 cases similarly reflect that the defendant was read the immigration warning required by § 29D. The plea judge sentenced the defendant to concurrent two-year house of correction terms, with six months to serve and the balance suspended.

In January 2025, the defendant filed a motion to withdraw his guilty pleas and for a new trial, arguing that § 29D was not satisfied because the plea judge in September 2018 did not confirm the defendant's understanding of the immigration warning issued during the plea colloquy in September 2018.[1] Following a

_____

[1] This was the defendant's second motion to withdraw his guilty pleas. In June 2019, the defendant moved to withdraw his guilty pleas in all four of his cases, arguing that he received ineffective assistance of counsel. The defendant's motion was denied, and a panel of this court subsequently affirmed the denial of that motion. See Commonwealth v. Evariste, 99 Mass. App. Ct. 1108 (2021).

hearing, the plea judge denied the defendant's motion on May 27, 2025.

Discussion. We treat a motion to withdraw a guilty plea as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). See Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). Because the defendant did not raise his G. L. c. 278, § 29D, claim in his first motion to withdraw his guilty plea, his claim is waived. See Mass. R. Crim. P. 30 (c) (2). Nonetheless, we review the claim to determine whether there was error, and if so, whether such error created a substantial risk of a miscarriage of justice. See Commonwealth v. Barros, 494 Mass. 100, 113 (2024) (where defendant fails to raise argument in first motion to withdraw, he "bears the burden of establishing a substantial risk of a miscarriage of justice in order to obtain relief").

The defendant submitted an audio file of the September 2018 plea hearing which contained a portion of the plea colloquy, which we have listened to and considered. In that portion, the plea judge (1) asked the defendant if he had enough time to discuss the guilty pleas with his attorney and if he was satisfied with his attorney's advice, (2) advised the defendant of the consequences of violating probation, (3) asked the defendant if he was threatened to plead guilty, (4) recited the

3

immigration warning, and (5) asked the Commonwealth for the facts of the case.[2]

Specifically as to the immigration warning, the plea judge warned the defendant as follows:  "Sir, I'm required to tell you that if you are not a citizen of the United States, my acceptance of your guilty plea in each of these two matters will have the consequence of deportation, exclusion from admission, or denial of naturalization."[3]  After issuing the warning to the defendant, without pause the plea judge asked the Commonwealth to present the facts of the case.

The defendant argues that the plea judge was required to confirm the defendant's understanding of the immigration

---

[2] For purposes of this decision, where the defendant has provided only a portion of the plea colloquy in September 2018, we assume that nothing more than what was stated in the audio available to us was stated to the defendant regarding the immigration consequences of his plea.  In addition, although the defendant moved to withdraw his guilty pleas in all four cases, he has not provided the plea colloquy from his two guilty pleas in August 2017.  For the sake of argument, we assume that the immigration warning at the August 2017 plea colloquy was materially the same as the September 2018 plea colloquy.

[3] The judge's warning hewed to G. L. c. 278, § 29D, which requires that, before accepting a plea, the judge must orally inform the defendant as follows:

"If you are not a citizen of the United States, you are hereby advised that the acceptance by this court of your plea of guilty, plea of nolo contendere, or admission to sufficient facts may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

4

warning.  The Supreme Judicial Court has rejected the defendant's argument.  The mandate of G. L. c. 278, § 29D, is "readily satisfied by the judge reading out loud the single sentence that the Legislature has provided in quotation marks." Commonwealth v. Hilaire, 437 Mass. 809, 819 (2002).  "Nothing in [§ 29D] requires that the judge confirm the defendant's understanding of the potential immigration consequences . . . ." Id.  See Commonwealth v. Dor, 99 Mass. App. Ct. 903, 904 (2020) ("When a defendant is warned that his conviction of the offenses with which he is charged could lead to adverse immigration consequences, and then enters guilty pleas to those charges, the statutory purpose [of § 29D] is met").  The statute "concerns only what the judge must say to the defendant and not [t]he defendant's subjective understanding of immigration law in effect at the time of the guilty plea" (quotation and citation

omitted).  <u>Commonwealth</u> v. <u>Petit-Homme</u>, 482 Mass. 775, 783 (2019).  We discern no error.

<u>Order entered May 27, 2025, denying motion to withdraw guilty pleas and for new trial affirmed</u>.

By the Court (Vuono, Henry & Singh, JJ.[4]),

*Paul Little*

Clerk

Entered:  May 7, 2026.

---

[4] The panelists are listed in order of seniority.